## (March 12, 1974)

■ In the Matter of CARTER BURDEN et al., Appellants, v. AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, INC., Respondent.— Judgment, Supreme Court, New York County, entered September 10, 1973, dismissing petition, unanimously affirmed as a matter of discretion, without costs and without disbursements, and without prejudice to the pending companion plenary action in equity in the Supreme Court, New York County, for an injunction. The fact that petitioner White may have been familiar with the general position of the various people and groups with whom petitioners are associated, did not necessarily give her standing to bring a proceeding until such time as she was specifically affected by the refusal of the respondent to pick up her cat without charging a fee. (*United States* v. *SCRAP,* 412 U. S. 669; *Roe* v. *Wade,* 410 U. S. 113, rehearing den. 410 U. S. 959; *Sierra Club* v. *Morton,* 405 U. S. 727; *Hidley* v. *Rockefeller,* 28 N Y 2d 439; *Matter of Posner* v. *Rockefeller,* 26 N Y 2d 970; *St. Clair* v. *Yonkers Raceway,* 13 N Y 2d 72.) Therefore, the four months provision of CPLR 217 did not become applicable until that point, and as to that petitioner, this proceeding is timely. However, in view of the pending plenary action, as a matter of discretion, it would be preferable that the issue of the interpretation of section 8 of chapter 115 of the Laws of 1894 with respect to the American Society for the Prevention of Cruelty to Animals and the fees it may charge, be determined on the merits in that action. Concur — Markewich, J. P., Kupferman, Tilzer and Moore, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLOS LABOY, Appellant.— Judgment, Supreme Court, New York County, rendered December 8, 1972, convicting defendant, upon his plea of guilty, of attempted robbery in the third degree and sentencing him to a State reformatory, unanimously reversed, on the law, as a matter of discretion and in the interest of justice, the sentence vacated, and the case remanded for resentence in accordance with the promise made. On the record before us it clearly appears that an inducement for defendant's plea was the promise of a sentence which would not exceed three years. The sentence imposed, however, may require appellant's incarceration for a period of four years. (Penal Law, §§ 75.00, 75.10.) Since this was not in accord with the plea bargain, the matter must be returned for fulfillment of the sentence promise. (*Santobello* v. *New York,* 404 U. S. 257; *People* v. *Griffith,* 43 A D 2d 20.) Concur — Nunez, J. P., Kupferman, Murphy, Tilzer and Moore, JJ.